**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NATIONAL INDEMNITY COMPANY, )<br><br>Plaintiff, )<br><br>v. )<br><br>R. AND M. BUSES, INC., )<br><br>Defendant. ) | C.A. No. |

## COMPLAINT

Plaintiff National Indemnity Company ("National Indemnity"), by and through its

counsel, Dilworth Paxson LLP, hereby pleads by way of Complaint as follows:

### Parties

1.      Plaintiff National Indemnity Company ("National Indemnity") is a corporation

organized under the laws of the State of Nebraska, with its principal place of business at 3024

Harney Street, Omaha, Nebraska, 68131-3580.

2.      Defendant R. and M. Buses, Inc. ("R&M") is a corporation organized under the

laws of the State of Delaware, with its registered agent pursuant to 8 Del. C. §131, et seq.

located at 306 Jacobs Avenue, Bridgeville, Delaware, 19933.

3.      Plaintiff  National Indemnity seeks a declaration pursuant to 28 U.S.C. §2201(a)

that it is not obligated to defend, pay defense costs, or indemnify, R&M as regards the claims

described more fully herein.

118156529_1

**Jurisdiction and Venue**

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a)(1), as this action involves a dispute between citizens of different states, and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00).

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the Defendant, R&M, resides within this judicial district, and a substantial part of the underlying events that give rise to this insurance coverage case took place within this judicial district.

**The Insurance Policy**

6.      National Indemnity issued a "Business Auto" insurance policy, no. 70 APS 044929 (the "Policy") to R&M Buses, Inc., for the period November 30, 2013 to November 30, 2014.  A true, correct and complete copy of the Policy is attached at Exhibit 1, and incorporated herein by reference.

7.      The Policy, subject to its terms, conditions, exclusions and endorsements, provides in part that National Indemnity "will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' … to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'"

8.      The Policy also includes an exclusion entitled "ABUSE OR MOLESTATION EXCLUSION" which reads in relevant part as follows:

**ABUSE OR MOLESTATION EXCLUSION**

PLEASE READ THIS ENDORSEMENT CAREFULLY

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

The following exclusion is added to the policy:

2

This insurance does not apply to bodily injury or property damage arising out of:

    (a)    the alleged, actual or threatened abuse, molestation or sexual contact, whether or not intentional, by anyone of any person; or

    (b)    the negligent:

        (i)    employment;

        (ii)    investigation;

        (iii)    supervision; or

        (iv)    retention;

of anyone or negligent entrustment to anyone whose conduct would be excluded by (a) above; or

    (c)    the reporting to authorities or failure to report to authorities the alleged, actual or threatened abuse, molestation or sexual contact by anyone of any person.

All other terms, conditions and agreements shall remain unchanged.

9.    The Policy further includes an exclusion entitled "Punitive Damage Exclusion Duty to Defend Amendment," which reads in relevant part as follows:  "[T]his insurance does not apply to any sums awarded as punitive damages."

**The Welch Lawsuit**

10.    On February 6, 2015,  Kenedy S. Welch, by her Co-Guardians Ad Litem, Brenden Welch and Dawn Welch, brought suit against R&M in the Superior Court of the State of Delaware, in and for Kent County, in a case captioned  Kenedy S. Welch, by her Co-Guardians Ad Litem, Brenden Welch and Dawn Welch v. R & M Buses, Inc., a Delaware Corporation, C.A. No. K15C-02-007 RBY (the "Welch Lawsuit").  A true, correct and complete copy of the Complaint in the Welch lawsuit is attached at Exhibit 2, and incorporated herein by reference.

3

11.     The Complaint in the <u>Welch</u> Lawsuit alleges, *inter alia*, that "Kenedy S. Welch was lawfully on Defendant R & M Buses, Inc. school bus as a student of the Indian River School District.  While on that bus, on several occasions a male passenger of that bus sexually assaulted Plaintiff and forced Plaintiff to perform sexual acts with him."  See <u>Welch</u> Complaint, ¶4 (Ex. 2).

12.     The Complaint in the <u>Welch</u> Lawsuit further contains prayers for punitive damages in Counts I and II.  See <u>Welch</u> Complaint, Prayer for Relief, Count I and Prayer for Relief, Count II (Ex. 2).

13.     National Indemnity is currently defending R&M in the Welch Lawsuit under a full and complete reservation of rights and defenses.

## Count I (No Duty to Defend)

14.     Plaintiff National Indemnity incorporates Paragraphs 1-12 as if fully set forth herein.

15.     National Indemnity is not obligated to provide a defense to R&M, or pay any portion of R&M's defense costs in the <u>Welch</u> Lawsuit, because the bodily injury asserted in the Complaint in the <u>Welch</u> Lawsuit was not "caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'"

16.     The bodily injury asserted in the Complaint in the <u>Welch</u> Lawsuit is excluded from coverage due to the application of the "ABUSE OR MOLESTATION EXCLUSION" in the Policy.

17.     As the allegations of the Complaint in the <u>Welch</u> Lawsuit do not come within the insuring agreement and fall within the aforementioned exclusion, there is no obligation for National Indemnity to defend R&M, or to pay for a defense for R&M, in the aforementioned Lawsuit.

4

WHEREFORE, National Indemnity prays for a declaration pursuant to 28 U.S.C. §2201 that it is not obligated to defend or pay for the defense of R. and M. Buses, Inc. in the Welch Lawsuit; an order authorizing National Indemnity to withdraw its defense in the Welch Lawsuit; an award of attorneys' fees and costs; the restitution to National Indemnity of all defense costs paid to date; and such other relief as is necessary and proper under the circumstance.

### Count II (No Duty To Indemnify)

18.     Plaintiff  National Indemnity incorporates Paragraphs 1-16 as if fully set forth herein.

19.     National Indemnity has no duty to indemnify R&M for damages as alleged in the Complaint in the Welch Lawsuit because the bodily injury asserted in the Complaint was not "caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'"

20-.    National Indemnity has no duty to indemnify R&M for damages as alleged in the Complaint in the Welch Lawsuit because of the application of the exclusion entitled "ABUSE OR MOLESTATION EXCLUSION."

21.     National Indemnity has no duty to indemnify R&M for damages as alleged in the Complaint in the Welch Lawsuit because of the application of the exclusion entitled "Punitive Damages Exclusion Duty to Defend Amendment."

WHEREFORE, National Indemnity prays for a declaration pursuant to 28 U.S.C. §2201 that it is not obligated to indemnify R. and M. Buses, Inc. for any award of compensatory, punitive, exemplary or other damages against R. and M. Buses, Inc. in the Welch Lawsuit; an award of attorneys' fees and costs; and such other relief as is necessary and proper under the circumstance.

5

**DILWORTH PAXSON LLP**

By: _/s/ Thaddeus J. Weaver_ _____

     Thaddeus J. Weaver (Id. No. 2790)

     One Customs House

     704 King Street, Suite 500

     P.O. Box 1031

     Wilmington, DE  19801

     (302) 571-8867 (telephone)

     (302) 571-8875 (facsimile)

     tweaver@dilworthlaw.com

     Attorneys for Plaintiff

Dated:  April 28, 2015     National Indemnity Company